UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
IN RE WORLD TRADE CENTER LOWER                                :
MANHATTAN DISASTER SITE LITIGATION                            :   Docket: 21-mc-102
                                                              :
                                                              :   **ORDER AND OPINION**
                                                              :   **GRANTING**
                                                              :   **DEFENDANTS' MOTION**
                                                              :   **TO PRECLUDE**
                                                              :   **UNRETAINED EXPERTS'**
                                                              :   **TESTIMONY BECAUSE**
                                                              :   **OF INADEQUATE**
                                                              :   **DISCLOSURES**
                                                              :
------------------------------------------------------------- x
MAREK SOCHA, ET AL.,                                          :
                                                              :
                            Plaintiffs,                       :
                                                              :
              -against-                                       :   Case Number: 09-cv-00680
                                                              :
110 CHURCH, LLC, ET AL.,                                      :
                                                              :
                            Defendants.                       :
------------------------------------------------------------- x
JERZY MUSZKATEL,                                              :
                                                              :
                            Plaintiff,                        :
                                                              :
              -against-                                       :   Case Number: 06-cv-5285
                                                              :
VERIZON NEW YORK, INC., ET AL.,                               :
                                                              :
                            Defendants.                       :
------------------------------------------------------------- x
TADEUSZ KOWALEWSKI, ET AL.,                                   :
                                                              :
                            Plaintiffs,                       :
                                                              :
              -against-                                       :   Case Number: 06-cv-1521
                                                              :
DEUTSCHE BANK TRUST CORP., ET AL.,                            :
                                                              :
                            Defendants.                       :

1

```
---------------------------------------------------------   x
WLADYSLAW KWASNIK,                                           :
                                                             :
                            Plaintiff,                       :
                                                             :
            -against-                                        :   Case Number: 07-cv-11291
                                                             :
160 WATER ST., INC., ET AL.,                                 :
                                                             :
                            Defendants.                      :
---------------------------------------------------------   x
WALDEMAR ROPEL, ET AL.,                                      :
                                                             :
                            Plaintiffs,                      :
                                                             :
            -against-                                        :   Case Number: 06-cv-1520
                                                             :
THE BANK OF NEW YORK COMPANY, INC.,                          :
ET AL.,                                                      :
                                                             :
                            Defendants.                      :
---------------------------------------------------------   x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Marek Socha, Jerzy Muszkatel, Tadeusz Kowalewski, Wladyslaw Kwasnik, and Waldemar Ropel (together, "Plaintiffs") have brought claims for common law negligence and violations of the New York Labor Law. The claims are based upon injuries the Plaintiffs allegedly suffered after working in numerous buildings surrounding the World Trade Center site following the 9/11 terrorist attacks. The Plaintiffs assert their claims against various owners, managing agents, lessees, and contractors (collectively, "Defendants") that owned, managed, or worked in the buildings.

   Plaintiffs intend to call as witnesses 18 physicians, consisting of their treating physicians, as well as various physicians associated with the Mt. Sinai Hospital World Trade Center Program ("Mt. Sinai WTC Program"), none of whom have been retained. Defendants

2

have moved to preclude the physicians from offering expert testimony on the basis that
Plaintiffs' expert disclosures failed to comply with the requirements of Federal Rule of Civil
Procedure 26(a)(2).

## I.     Background

The Court first addressed the anticipated testimony of treating physicians in the
Order Summarizing Status Conference dated September 25, 2013.  In that Order, I ruled that the
treating physicians may be questioned during the fact discovery phase of the litigation on the
issue of causation only if it was a part of the treating physician's treatment and diagnosis.  *See*
Order Summarizing Status Conference ¶ 1(h), No. 21-mc-102, ECF No. 4874 (Sept. 25, 2013).  I
held that questions pertaining to a treating physician's expert opinion must await the expert
discovery phase of the litigation.  *See id.*  During the status conference, I stated that if a treating
physician were designated as an expert, Plaintiffs would need to make the required disclosures
prior to the deposition.  *See* Decl. Richard E. Leff Supp. Defs.' Mot. Preclude Unretained
Experts Disclosed by Pls. ("Leff Decl."), Exh. F at 35:21-23.

During the fact discovery phase of the litigation, Defendants deposed 17 of the 18
physicians at issue.  During the depositions, counsel for physicians associated with Mt. Sinai
Hospital frequently objected to any questions that went beyond the scope of the physician's
treatment of the Plaintiffs.  *See, e.g.*, Leff Decl., Exh. I at 15:19-18:3.  On one occasion,
Plaintiffs' counsel objected to a question calling for expert testimony.  *See* Decl. Robert A.
Grochow Supp. Mem. Law Opp'n Defs.' Mot. Preclude Unretained Experts Disclosed by Pls.
("Grochow Decl."), Exh. 15 at 22:14-17.  Questions relating to causation were permitted only to
the extent the physician had reflected his or impressions related to causation in the medical
records.  Counsel for Mt. Sinai physicians objected to, and instructed the witness not to answer,

questions calling for expert opinions regarding causation of respiratory illness generally or
studies conducted by the Mt. Sinai WTC Program. *See, e.g.*, Leff. Decl., Exh. I at 15:19-18:3.

   In June 2014, after the close of fact discovery, Plaintiffs notified Defendants that
they intended to elicit expert testimony from the 18 physicians. *See* Grochow Decl., Exhs. 2-6.
None of the 18 physicians are currently retained by Plaintiffs. Fifteen of the physicians were
treating or diagnostic physicians, the majority of whom were employed by Mt. Sinai Hospital,
where many of the Plaintiffs received treatment. Two, Dr. Carl Friedman and Dr. Barry
Weinberg, examined the Plaintiffs pursuant to their Workers Compensation claims. One, Dr.
Michael Crane, was the director of the Mt. Sinai WTC Program.

   Plaintiffs were unable to provide expert reports for any of the 18 expert witnesses,
in part because Mt. Sinai Hospital has consistently maintained the position that it will not
produce its physicians to provide expert testimony. As a result, the Plaintiffs submitted
summaries of each physicians' anticipated testimony. The summaries mostly contain generic
language identical for each witness regarding the issue of causation. For example, each witness
intends to testify that the Plaintiffs "sustained injuries as a result of . . . exposure to toxic matter
at the work site(s)." *See* Leff Decl., Exhs. A-E. Each witness is also anticipated to reference
"reviews of large numbers of spirometry examinations conducted at the Mt. Sinai WTC
Programs."[1] *Id.* Similarly, the summaries for every witness state that:

> The witness may also be expected to make reference to studies, research, papers,
> articles, texts and other documents . . . including such as has been prepared by
> and/or on behalf of the Mt. Sinai Hospital, Mt. Sinai School of Medicine and/or
> any iteration of the World Trade Center Monitoring and/or Treatment Program,
> from inception.

---

[1] Spirometry is a test that assesses how well a patient's lungs perform by measuring inhale and exhale volume and
speed. It is commonly used to diagnose asthma, chronic obstructive pulmonary disease, and other respiratory
disorders.

*Id.* The disclosures do not identify any particular studies, research, papers, articles, texts, or documents upon which the physician witnesses intend to rely. *See id.* None of these materials appear to have been produced in discovery.

The summaries also contain anticipated testimony specific to the diagnosis, treatment, causation and permanency of injuries of each Plaintiff treated by the witness. For example, Dr. Laura A. Bienenfeld's summary includes her diagnosis of Taduesz Kowalewski and the general statements that "the World Trade Center exposure contributed to all of the listed illnesses" and that "the World Trade Center dust and smoke caused his illness, in her opinion." *Id.*, Exh. A at 6. In addition, several of the summaries state that certain diagnosed conditions "were established to be NIOSH certified conditions within the WTC Health Programs."[2] *See, e.g.*, *id.*, Exh. A at 7-8.

The Defendants have now moved for an order precluding any expert testimony by these 18 physicians on the grounds that the Plaintiffs failed to comply with the expert disclosure requirements under FRCP 26(a)(2). Plaintiffs oppose, first, on the grounds that the 18 witnesses are fact witnesses and not required to make expert disclosures and, second, on the grounds that the above-described summaries complied with the expert disclosure requirements in FRCP 26(a)(2)(C).

## II.    Discussion

### A.    Treating Physicians as Fact or Expert Witnesses

Plaintiffs first argue that the physicians should be permitted to testify at trial as fact witnesses, obviating the requirement of expert disclosure under FRCP 26(a)(2). Plaintiffs contend that the law permits treating physicians to testify to diagnosis, prognosis, and causation

---

[2] The National Institute for Occupational Safety and Health ("NIOSH") contracted with the Mt. Sinai School of Medicine to screen approximately 12,000 workers who participated in rescue and recovery operations following the 9/11 terrorist attacks.

absent designation as an expert. *See* Pls.' Opp'n Br. at 18-21. Plaintiffs further argue that

testimony related to the Mt. Sinai WTC Program, and opinions and conclusions formulated as a

result of a physician's participation in the program, likewise qualifies as fact testimony. *See* Pls.'

Opp'n Br. at 21-22. Defendants, while agreeing that the physicians' should be required to testify

as fact witnesses, seek to limit the physicians' testimony to what they consider to be the proper

scope of fact testimony, namely, "diagnosis, treatment and prognosis." Defs.' Reply Br. at 13.

Whether a treating physician is considered an expert, subject to expert disclosure

requirements, depends, not on his or her title as a "treating physician," but upon the nature of the

testimony the physician intends to provide at trial. *See* Fed. R. Evid. 701 advisory committee's

note ("The [2000] amendment does not distinguish between expert and lay *witnesses*, but rather

between expert and lay *testimony*. . . . The amendment makes clear that any part of a witness'

testimony that is based upon scientific, technical, or other specialized knowledge within the

scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure

requirements of the Civil and Criminal Rules."); *see also Lamere v. New York State Office for

the Aging*, 03 Civ. 0356, 2004 WL 1592669, at *1 (N.D.N.Y. July 14, 2004) ("[I]t is the

substance of the testimony that controls whether it is considered expert or lay testimony.").

Testimony as to facts or opinions formed during a consultation with a patient are admissible

absent Rule 26(a)(2) expert disclosures. *See Palmieri v. Celebrity Cruise Lines, Inc.*, 98-cv-

2037, 2000 WL 310341, at *5 (S.D.N.Y. Mar. 27, 2000) ("There can be no serious dispute that,

as a treating physician, Dr. Giovinazzo was free to testify to opinions he formed in the course of

treating [plaintiff], without regard to the disclosure requirements of Rule 26(a)(2)."); *see also

Reilly v. Revlon, Inc.*, No. 08 Civ. 205, 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009)

("Treating physicians do not need to be designated as experts in order to testify."). In certain

circumstances, this may include opinions, formed in the course of treatment, about the cause of a
patient's injuries. *See Williams v. Regus Mgmt. Grp. LLC*, No. 10 Civ. 8987, 2012 WL 1711378,
at *3 (S.D.N.Y. May 11, 2012) ("Courts in this Circuit, however, have regularly held that
treating physicians may testify as to opinions formed during their treatment, *including causation*,
severity, disability, permanency and future impairments, without the obligation to submit an
expert report.").

However, where a physician's testimony relies upon "scientific, technical, or
other specialized knowledge," or facts and evidence outside the scope of treatment, the testimony
is governed by Federal Rule of Evidence 702, requiring expert disclosure under Federal Rule of
Civil Procedure 26(a)(2). *See Lamere*, 2004 WL 1592669, at *2. Here, the Plaintiffs'
disclosures make clear that, in addition to offering facts and opinions relevant to the witness'
medical services as treating physicians, the physician witnesses intend to offer opinions based
upon facts and evidence obtained through their participation in, or knowledge of, the Mt. Sinai
WTC Program. For example, the physician witness' testimony will reference "reviews of large
numbers of spirometry examinations conducted at the Mt. Sinai WTC Program," and, in some
cases, "medical records and diagnostic reports, examinations, findings and records conducted of
individuals within the WTC programs and/or of the plaintiff." *See e.g.*, Leff Decl., Exh. A.

Furthermore, while causation may, at times, be within the ken of an ordinary jury,
obviating the need for expert designation and disclosure, here the issue of causation invokes
complex issues of toxicology, epidemiology, and occupational medicine. *See Roman v. Sprint
Nextel Corp.*, No. 12 Civ. 276, 2014 WL 5026093, at *9-12 (S.D.N.Y. Sept. 29, 2014) (holding
that treating physicians' anticipated testimony regarding causation required an expert report
under FRCP 26(a)(2)(B) and scrutiny under *Daubert* because the opinion was based on facts and

evidence outside the scope of treatment). Any opinion of substance that the World Trade Center dust caused the Plaintiffs' injuries will necessarily rely upon information developed through the Mt. Sinai WTC Program and other information and expertise that falls far outside the scope of an individual plaintiff's treatment. Accordingly, I hold that this testimony is governed by Rule 702 of the Federal Rules of Evidence requiring expert disclosure under Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**B.      Disclosures Required for Treating Physician to Offer Expert Testimony**

The Federal Rules of Civil Procedure now provide for two types of expert disclosure. FRCP 26(a)(2)(B) provides that when a witness is "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a written report containing "(i) a complete statement of all opinions that the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." By contrast, under FRCP 26(a)(2)(C), an expert that has not been "retained or specially employed" need only submit a disclosure that states "(i) the subject matter on which the witness is expected to present and (ii) a summary of the facts and opinions to which the witness is expected to testify." A party who fails to make the required disclosure "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

It is undisputed that Plaintiffs have not retained any of the 18 physicians at issue here and, therefore, they argue that abbreviated disclosures pursuant to FRCP 26(a)(2)(C) are sufficient. However, several Courts have pointed to, and struggled with, an absence of guidance in the law on how to ensure that various opinions offered by treating physicians are sufficiently disclosed prior to expert discovery and trial. *See, e.g.*, *Bartnick v. CSX Transport., Inc.*, No. 11 Civ. 1120, 2013 WL 1113991, at *2 (N.D.N.Y. Mar. 18, 2013). Where the medical records provide the primary basis for a treating physician's opinion at trial, an abbreviated disclosure pursuant to FRCP 26(a)(2)(C) is likely adequate because it is supplemented by such records. However, where the doctor seeks to render an opinion based upon facts, experiences, or observations not apparent from, or adequately disclosed in, the medical records, the abbreviated disclosure may fail to fully develop the expert's opinion and the scientific basis upon which the opinion rests. As a result, an opposing party may be unable to test sufficiently the expert's opinion during depositions and suffer unfairly from this handicap at trial.

Due to this concern, several Courts have required expert reports under FRCP 26(a)(2)(B) where the treating physician intends to offer opinions based upon information the opposing side cannot easily glean from medical records. *See, e.g.*, *Robinson v. Suffolk Cnty. Police Dep't*, 2011 WL 4916709, at *1 (E.D.N.Y. Oct. 17, 2011) (requiring a rule 26(a)(2)(B) expert report where the treating physician may testify as to causation); *Lamere*, 2004 WL 1592669, at *2 ("It is indeed certain that a treating physician who has not complied with the reporting requirement of Rule 26(a)(2)(B) should not be allowed to render opinions outside the course of treatment and beyond the reasonable reading of the medical records."). Considering the complex and unique issues surrounding causation in this case, I find this approach prudent. Defendants are entitled to full disclosure of any opinions based upon expertise gained from, or

9

research conducted pursuant to, the Mt. Sinai WTC Program prior to depositions and anticipated *Daubert* motions. Furthermore, full disclosure and scrutiny under the *Daubert* requirements will avoid surprises, and the associated delays, at trial.

Accordingly, I hold that Plaintiffs must provide expert reports pursuant to FRCP 26(a)(2)(B) if they wish to elicit testimony from any of the 18 physicians based upon facts, evidence, or expertise outside the scope of the individual Plaintiffs' course of treatment. This includes opinion testimony regarding causation that was not formed solely during consultation with, and treatment of, a particular Plaintiff. It also includes any opinions based in whole or in part on research conducted by, or expertise gained from, the Mt. Sinai WTC Program. If Plaintiffs submit satisfactory expert reports, the Court will permit additional depositions of the 18 physicians, limited to relevant issues of expert opinion not previously addressed in prior depositions.

The Court is aware that Plaintiffs submitted the abbreviated disclosures under FRCP 26(a)(2)(C), in place of expert reports under FRCP 26(a)(2)(B), because Mt. Sinai Hospital has denied them access to physicians employed by Mt. Sinai. The issue of whether Plaintiffs can compel Mt. Sinai Hospital to produce the physicians as expert witnesses, and the facts and data considered by the physicians in forming their opinions, is not currently before the Court. However, it will require resolution before Plaintiffs can prepare and submit expert reports as required by this Order in order to elicit expert testimony. If Plaintiffs desire to compel such witnesses, and the facts and data they considered in forming their opinions, Plaintiffs shall file a relevant motion by November 14, 2014 and serve same on attorneys who have appeared for Mt. Sinai. Opposition papers shall be filed by November 25, 2014. Replies shall be filed by December 4, 2014.

10

## III.   Conclusion

For the foregoing reasons, Defendants' motion is GRANTED to the extent they

seek to preclude the 18 physicians from providing expert testimony, as described in the

foregoing opinion, absent expert disclosure pursuant to FRCP 26(a)(2)(B).  The Clerk shall mark

motion (Doc. No. 5511) as terminated.

SO ORDERED.

Dated:      New York, New York
            November 5, 2014

ALVIN K. HELLERSTEIN
United States District Judge